# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| PHILEMON ALEXANDER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 2:24-CV-224-DCLC-CRW |
| WASHINGTON COUNTY, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner in the Washington County Detention Center, has filed a pro se civil rights action under 42 U.S.C. § 1983 [Doc. 2] and two motions for leave to proceed *in forma pauperis* [Docs. 1, 8]. For the reasons set forth below, the Court will **GRANT** Plaintiff's initial motion to proceed as a pauper, **DENY** the second motion as moot, and **ORDER** Plaintiff to file an amended complaint.

## I. MOTIONS TO PROCEED *IN FORMA PAUPERIS*

It appears from Plaintiff's initial motion [Doc. 1] and supporting documents [Doc. 6] that he lacks sufficient financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 1] will be **GRANTED**. Plaintiff's second motion to proceed *in forma pauperis* [Doc. 8] will be **DENIED** as moot.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee

of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk will also be **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. REVIEW OF PLAINTIFF'S COMPLAINT

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim" supported by allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). Plaintiff's 130-page complaint contravenes this rule. Specifically, Plaintiff's complaint is filled legal conclusions, it contains exhibit documents of uncertain relevance, its facts are meandering and unclear such that the Court is unable to connect the facts asserted to the intended claims, and portions of it are illegible [*See generally* Doc. 2]. Additionally, many of the allegations Plaintiff advances are duplicative of those in another pending lawsuit filed by Plaintiff. *See Alexander v. Washington County*, No. 2:24-cv-68-TAV-CRW (E.D. Tenn.).

Therefore, within twenty-one (21) days of entry of this Order, Plaintiff is **ORDERED** to file a single, comprehensive complaint, **not exceeding fifteen (15) pages** in length (which includes all exhibits, supplements, and attachments) that sets forth (1) the facts (i.e., the who, what, when, where) supporting his belief he was wronged, (2) the constitutional claim he is asserting because of that alleged wrongdoing, (3) the individual(s) responsible, (4) any injury that resulted, and (5) the relief sought. Plaintiff should strive for simplicity in complying with this Order. He should avoid legal citations and arguments in his amended complaint, and he should avoid any facts and

claims that are part of his other pending lawsuit in this Court. The Clerk is **DIRECTED** to mail Plaintiff a § 1983 form for this purpose.

Plaintiff is **NOTIFIED** that if he does not file the amended complaint by the deadline, the Court will **DISMISS** his complaint for failure to prosecute and comply with an order of the Court.

Additionally, Plaintiff is **NOTIFIED** that this amended complaint will be the **sole operative complaint** that the Court considers, and therefore, it **must** be complete in and of itself and must not refer to any previously filed allegations or pleadings. Plaintiff is **NOTIFIED** that he may not file an amended complaint and additional supplements in an attempt to circumvent this Order, and that the Court will **STRIKE** any motions or pleadings intended to do so.

Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any further amendments and/or supplements to the complaint or any other kind of motion for relief until after the Court has screened the complaint pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any motions filed before the Court has completed this screening.

Finally, Plaintiff will be **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's initial motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**, and his second motion [Doc. 8] is **DENIED** as moot;

3

2. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

3. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

4. Plaintiff is **ORDERED** to submit an amended complaint in accordance with the directives above within twenty-one (21) days of entry of this Order. The Clerk is **DIRECTED** to send Plaintiff a § 1983 form for this purpose;

5. If Plaintiff fails to timely submit an amended complaint, this action will be dismissed for failure to prosecute and comply with an Order of the Court; and

6. Plaintiff must immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**ENTER:**

s/Clifton L. Corker<br>United States District Judge

4

Case 3:25-cv-00052-TRM-DCP   Document 6   Filed 02/14/25   Page 4 of 4   PageID #: 22